State of TEXAS, Plaintiff–Appellant,

v.

EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION; Jenny R. Yang, in
her official capacity as Chair of the
Equal Employment Opportunity Com-
mission; Loretta Lynch, U.S. Attorney
General, Defendants–Appellees.

No. 14–10949

United States Court of Appeals,
Fifth Circuit.

FILED September 23, 2016

Scott A. Keller, Prerak Shah, Office of
the Attorney General, Alex Potapov, Office
of the Solicitor General, Austin, TX, for
Plaintiff–Appellant.

Stephanie Robin Marcus, Justin Michael
Sandberg, U.S. Department of Justice,
Washington, DC, for Defendants–Appel-
lees.

Before JOLLY, HIGGINBOTHAM, and
DAVIS, Circuit Judges.

PER CURIAM:

As we noted in our opinion, *Texas v.
EEOC*, 827 F.3d 372, 382–83 (5th Cir.
2016), shortly before the opinion's issuance
the Supreme Court decided *U.S. Army
Corps of Eng'rs v. Hawkes Co.*, —— U.S.
——, 136 S.Ct. 1807, 195 L.Ed.2d 77
(2016), which held in the context of the
Clean Water Act that a jurisdictional de-
termination ("JD") is a final agency action
that is subject to judicial review under the
Administrative Procedure Act, 5 U.S.C.
§ 704. *Hawkes*, 136 S.Ct. at 1816.

In *Belle Co., L.L.C. v. U.S. Army Corps
of Eng'rs*, 761 F.3d 383 (5th Cir. 2014), also
cited in our opinion, our court had held
that the JD in that case was not a final
decision. Belle Co. petitioned for certiorari,
which the Supreme Court granted. In the
light of its opinion in *Hawkes*, the Court
vacated the judgment and remanded *Belle
Co.* to our court. —— U.S. ——, 136 S.Ct.
2427, 195 L.Ed.2d 776 (2016) (mem.). The
panel then remanded the case to the dis-
trict court for further proceedings consis-
tent with the Supreme Court's decision in
*Hawkes*. *Belle Co., L.L.C. v. U.S. Army
Corps of Eng'rs*, No. 13–30262, —— Fed.
Appx. ——, ——, 2016 WL 4073301, at *1
(5th Cir. July 29, 2016).

Both *Belle Co.* and the instant case re-
late closely to the issue that the Supreme
Court decided in *Hawkes*. Given this simi-
larity, and given that the district court has
not had the opportunity to apply *Hawkes*
to the facts of this case, we conclude that
the importance of the issue and the inter-
est of uniformity of our precedent require
that we, like the *Belle Co.* panel, remand
this case for further consideration in the
light of *Hawkes*. We recognize that
*Hawkes* may or may not affect other is-
sues raised in this appeal, and we leave it
to the district court in the first instance to
reconsider this case, and its opinion, in its
entirety and to address the implications of
*Hawkes* for this case.

Accordingly, we WITHDRAW our prior
opinion, VACATE the district court's judg-
ment dismissing the complaint, and RE-
MAND this case to the district court for
such further proceedings as, in its discre-
tion, are required.

PETITION GRANTED; OPINION
WITHDRAWN; JUDGMENT VACAT-
ED, AND CASE REMANDED.